OPINION OF THE COURT
Robert C. Williams, J.
This is an action for declaratory judgment. Plaintiffs seek a judgment declaring that defendants have the authority to *1043 apply plaintiffs’ accrued leave credits in satisfaction of the penalties assessed against plaintiffs pursuant to subdivision 2 of section 210 of the Civil Service Law. Plaintiffs contend that the application of said credits in the afore-mentioned manner is permissible and not prohibited by law. Plaintiffs seek injunctive relief pending the final determination of this action.
Defendants cross-move for an order granting summary judgment.
The cross motion shall be granted. The request for injunctive relief is rendered academic.
Plaintiff New York State Inspection, Security and Law Enforcement Employees, District Council 82, AFSCME, AFL-CIO is the certified negotiating representative for members of the Security Services Unit of New York State employees. The individual plaintiffs and the class which they purport to represent are employed by the State of New York in the Security Services Unit.
Pursuant to section 210 (subd 2, par [d]) of the Civil Service Law, the plaintiffs have been notified that it has been determined that they participated in a labor strike between April 18, 1979 and May 4, 1979. Accordingly, section 210 (subd 2, par [a]) of the Civil Service Law has been violated which therefore requires that various penalties be imposed upon the strike participants.
It is undisputed that penalties are to be imposed. The issue herein is whether the penalties to be imposed are to be deducted from salaries or from accrued leave credits.
Plaintiffs contend that they will suffer dire and drastic consequences if penalties are recouped from salary. Defendants contend that the statute requires that the penalties be recovered from wages rather than from other forms of employee benefits.
Section 210 (subd 2, par [g]) of the Civil Service Law is controlling. This section was added to the Taylor Law (Civil Service Law, art 14) by virtue of section 8 of chapter 24 of the Laws of 1969. Consideration of both the statute and legislative history reveals that wages are to be the source for the recoupment of penalties which are to be imposed.
Section 210 (subd 2, par [g]) of the Civil Service Law provides, in pertinent part, that: "Not earlier than thirty nor later than ninety days following the date of such determination, the chief fiscal officer of the government involved shall *1044 deduct from the compensation of each such public employee an amount equal to twice his daily rate of pay for each day or part thereof that it was determined that he had violated this subdivision” (emphasis added).
Plaintiffs contend that the term "compensation” (italicized above) is broad and not restricted solely to wages. Defendants argue that the statute and its legislative history are clear and unambiguous.
The legislative history states that the purpose of the bill was "To strengthen the Taylor Law by improving the procedure for collective negotiations and the resolution of disputes by providing more effective deterrents against strikes” (Memorandum of Senate Rules Committee, McKinney’s 1969 Session Laws of NY, p 2365; italics added). One such deterrent was a provision (Civil Service Law, § 210, subd 2, par [g]) which would "provide a fair and expeditious procedure for determining which individual employees engaged in a strike, and a penalty for such participation of the loss of one day’s pay (in addition to the pay lost while absent because of the strike)”. (Memorandum of Senate Rules Committee, McKinney’s 1969 Session Laws of NY, p 2365; italics added.) Another deterrent was a provision which makes it clear "that it is illegal to pay wages to any striking employee for the time he is on strike, and forbid all public officers and employees to make any such payment” (id., p 2366; italics added.) In support of the bill the following was stated:
"It is clear, as the Taylor Committee has noted, the proceedings for individual misconduct have not been undertaken to the extent necessary to serve as an effective deterrent to the participation in an illegal strike. * * *
"Accordingly, this bill provides a new procedure for the expeditious determination of participation in a strike and the imposition of penalties — well defined in advance so that a public employee will be fully aware of the individual consequences of his action and the certainty that penalties will be fairly imposed without unreasonable delay. * * *
"The penalty for employees found to have engaged in an illegal strike would be the loss of one day’s wages in addition to the day lost while out on strike and probation for one-year period.” (Id., pp 2366-2367; emphasis added.)
The Legislature’s intention is clear and unambiguous. The Taylor Law penalties were to be swift, effective and a deterrent to labor strikes by public employees. The loss of one day’s *1045 wages for each day of participation in the strike was certainly intended. That the imposition of such a penalty on plaintiffs will be unduly harsh is unavailing. Plaintiffs knew the consequences of their contemplated action prior to April 18, 1979.
Accordingly, the cross motion is granted.
One final note is in order. The affidavit of David Gundrum, sworn to on August 24, 1979, has not been considered by the court. This affidavit was submitted without leave of the court subsequent to the return date and the hearing of arguments in the within matter.
Defendant’s objection to this late submission has been duly noted.
The increasing practice of tardily submitting papers without leave of court is disrespectful to the court, is unfair to one’s adversaries and results in an impairment of the administration of justice. Such a practice can no longer be tolerated especially 0where leave of court can be obtained with notice to one’s adversary who may then obtain leave to reply.